State (Charles E. Hill, Comp't.)
vs.
Frank Mathieu

C. A. No. 22810

March 2, 1929.

WALSH, J. This is a criminal com-plaint, charging defendant with pos-session, without lawful authority, of intoxicating liquor to be used for bev-erage purposes, against the statute.

A search warrant, sworn to by the Chief of Police of Pawtucket, issued out of the District Court of the Tenth Judicial District on November 27th, 1928, requiring search for liquors, vessels, etc., "in a certain building, to-wit, a store numbered 579 then and there situated on Benefit Street, so-called, in the City of Pawtucket..." Said search warrant shows that on November 28th, 1928, a police constable seized and took possession of "one pint bottle with liquor" and "150 bottles of beer" from the "within described premises." Said search warrant was entered in the Tenth District Court, the respondent was notified of the day set for hearing thereon, he did not choose to appear on said day and the seized liquors and vessels were ordered for-feited by said Court and said respond-ent took no appeal from said order of the Court. On November 28, 1928, the present complaint and warrant for un-lawful possession was issued and upon January 9, 1929, the respondent was adjudged guilty of unlawful possession, and sentenced, from which decision and sentence he has appealed to the Superior Court.

Before assignment for trial, respond-ent has filed his motion asking:

(1) that the search warrant be quashed.

(2) that the evidence obtained thereunder be suppressed.

(3) that the property seized be re-turned, etc.

Respondent does not argue the third ground before us, but does insist upon the other two grounds.

At a rather informal hearing before us, it appears that the premises on the street floor of 579 Benefit Street, Paw-tucket, consist of a grocery store in front, behind that a room used as a kitchen by the respondent and his family, which room has three en-trances, one from the grocery store, one from a piazza or porch on the street level, and one leading into a back hall. In this back hall the liquor was found. Respondent contends that it was found in a dwelling house; that it was for his own use and not for sale; that there is no sale alleged to have been made prior to issuance of search warrant.

Sec. 9, Chapter 127 provides that a dwelling house must "be used and oc-cupied exclusively as such" in order to entitle the occupant thereof to the special protection provided in said sec-tion. Sec. 6. Declaration of Rights, Constitution of Rhode Island, protects against unreasonable searches and seizures and respondent contends this right has been violated in the present case. The respondent admits that the search warrant is valid on its face but contends that the officer exceeded his authority when he searched the kit-chen and back hall under the descrip-tion of the premises as contained in said search warrant.

Drawing a reasonable inference from the situation as it stands before us, it does not appear that this kitchen was "used and occupied exclusively as such." It could be used also by the re-spondent in his conduct of the store and it is not improbable that the kit-chen and back hall might well be used in selling certain merchandise which could not be disposed of safely in the

full view of the persons passing by. If this kitchen and back hall were used in connection with the front store to carry on business, legitimate or otherwise, they might well be comprehended in the description in the search warrant, viz: "to-wit, a store" and this despite the fact that one of the doors to said kitchen, the one opening on to the piazza, was numbered 581 on Benefit Street. (*State* vs. *Chester*, 46 R. I., 486.) If this view is correct, the evidence was properly secured under the authority of the search warrant, the search and seizure were not unreasonable and no constitutional right of the respondent was violated. Motion to quash the search warrant is denied.

There is no necessary connection between the method of obtaining an exhibit and its admissibility as evidence. The officer here upon finding the contraband was justified in taking it because this situation was one of the ways in which such alleged sales of liquor are ordinarily conducted. Motion to suppress the evidence is denied.

For State: Attorney General.

For defendant: Rosenfeld & Hagan.